# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SOUND INPATIENT PHYSICIANS, INC. AND ROBERT A. BESSLER, M.D., ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO. 2:19-cv-02034-TLP-dkv |
| v. ) ) | |
| T.M. CARR, M.D., ) ) | |
| Defendant ) ) | |

## JOINT MOTION REGARDING SEALING OF DOCKET

Plaintiffs Sound Inpatient Physicians, Inc. and Robert A. Bessler, M.D. and Defendant T. M. Carr, M.D. (each a "Party," and collectively, the "Parties") jointly move this Court to discontinue the routine filing of documents under seal that has occurred since the inception of this case. The Parties request that, going forward, the Clerk of this Court accept future filings as unsealed unless filed under seal pursuant to the terms of the Parties' proposed Consent Protective Order (the "Protective Order"). The Parties further request that the Clerk of this Court maintain the sealing of prior filings that predate the Court's granting of this Motion except for as provided herein.

This dispute arises from an LLC Interest and Stock Purchase Agreement ("the Agreement") between the Plaintiffs and Defendant. (ECF No. 1-1.)

On January 10, 2019, Plaintiffs filed the Complaint in this cause of action under seal. (ECF No. 1.) Plaintiffs filed the Complaint under seal in an abundance of caution toward compliance with both a <u>Protection of Confidential Information</u> clause in the Agreement (ECF No. 1-1, p. 24)

and a "Non-Disclosure and Confidentiality Agreement, dated April 27, 2015" referenced in the same clause. *Id*.

The Parties agree that the electronic filing under seal in this case has been cumbersome and the goals of confidentiality will, going forward, be efficiently served through compliance with the terms of the Protective Order to be entered by this Court and applicable among the Parties, whose provisions include the circumstances under which future filings should be made under seal. The Parties' proposed Protective Order is attached hereto as Exhibit A.

With regard to any filings in this matter already on the docket to date, all of which have been filed under seal, the Parties agree as follows:

a) If a Party wishes to publish a previously-sealed filing into the public record, that party (the "Requesting Party") must confer with the other Parties and determine whether any Party objects to the unsealing.

b) If there is no objection to publishing the sealed filing, the Requesting Party may file a Notice of Unsealed Filing, asking the clerk of this Court to publish the filing in question, identified by ECF docket entry number.

c) If a Party raises objections, based on confidentiality concerns, to the publishing of the sealed filing in question, that Party, in good faith, shall propose redactions to the filing that address the objections and render the filing suitable for publishing. Once the requested redactions are made and approved by all Parties, the Requesting Party may file a Notice of Redacted Filing, asking the clerk of this Court to replace the existing sealed filing with the redacted version of that filing.

d) If the confidentiality concerns raised by a Party cannot be addressed through redaction, as determined in good faith by the Party raising such concerns, or the Parties cannot

agree on the necessary redactions, the filing in question shall remain sealed until the Court, upon motion or *sua sponte*, directs otherwise.

With regard to filings made subsequent to this joint motion, the Parties agree as follows:

a) If a Party seeks to file a document (including any exhibit or attachment thereto) designated as containing Confidential Information pursuant to paragraph 6 of the Protective Order, the Party shall file such document under seal in accordance with the procedure set forth at Paragraph 14 of the Protective Order; however:

1. If a Party seeking to file a document designated as containing Confidential Information confers with the other Parties to this litigation prior to the filing of such document, the Parties agree on redactions that address all confidentiality concerns of all Parties, and such redactions are incorporated into the document prior to filing, the document may be filed unsealed.

2. Any Party filing a document under seal must, within ten (10) days of such filing, confer with all other Parties to determine whether the document can be redacted in a way that addresses all confidentiality concerns of the Parties, as required by Paragraph 14 of the Protective Order. If the Parties agree that such concerns can be addressed with appropriate redactions, such redactions shall be made, and the Party filing the document under seal shall file a Notice of Redacted Filing with the Court, instructing the clerk of this Court to replace the sealed filing with the redacted filing.

3. If the confidentiality concerns raised by a Party cannot be addressed through redaction, as determined in good faith by the Party raising such concerns, or the

Parties cannot agree on the necessary redactions, the filing in question shall remain sealed until the Court, upon motion or *sua sponte*, directs otherwise.

4. Any Party designating information as Confidential Information may unilaterally elect to file that information unsealed, as provided in Paragraph 21 of the Protective Order, so long as the information in question was not also designated as CONFIDENTIAL by any other Party.

ALL THINGS CONSIDERED, the Parties jointly request that (1) this Court discontinue the sealing of all electronically filed documents in this matter, so that future filings can be viewed in the usual course through PACER or CM/ECF; (2) going forward from its granting of this motion, this Court seal only the filings expressly designated as sealed pursuant to the Parties' proposed Protective Order; (3) this Joint Motion be filed unsealed; and (4) documents that have been filed under seal thus far remain under seal except as provided for herein.

Respectfully submitted January 6, 2020

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS & SORIN, PLLC**

/s/ *Pam Warnock Blair*
Pam Warnock Blair, BPR #10407
Attorneys for Plaintiffs
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
pblair@mbbslaw.com

and

**KUTAK ROCK LLP**

John P. Passarelli
Carol A. Svolos
*Attorneys for Plaintiffs*
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2103
Telephone: (402) 231-8913
Fax: (402) 346-1148
John.Passarelli@kutakrock.com
Carol.Svolos@kutakrock.com

*Counsel for Plaintiffs Sound Physicians, Inc. and Robert A. Bessler, M.D.*

**MOORE & VAN ALLEN, PLLC**

/s/ *Emily C. Pera*
Mark A. Nebrig
Emily C. Pera
*Attorneys for Defendant*
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-3787
Fax: (704) 339-5997
marknebrig@mvalaw.com
emilypera@mvalaw.com

*Counsel for Plaintiff T.M. Carr, M.D.*