IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SOUND INPATIENT PHYSICIANS, INC. and M.D. ROBERT A. BESSLER,<br><br>  Plaintiffs,<br><br>v.<br><br>M.D. T.M. CARR,<br><br>  Defendant. | No. 2:19-cv-02034-TLP-dkv |

**ORDER GRANTING JOINT MOTION REGARDING SEALING OF DOCKET**

WHEREAS, it is hereby STIPULATED and AGREED between Plaintiffs Sound Inpatient Physicians, Inc. and Robert A. Bessler, M.D. and Defendant T. M. Carr, M.D. (each a "Party," and collectively, the "Parties"), and it is now hereby ORDERED by the Court as follows:

1. The Clerk of this Court is directed to unseal the docket in the above-captioned case, while maintaining all documents filed through Docket # 41 as sealed.

2. The Parties' Joint Motion Regarding Sealing of Docket and this Order granting same shall be unsealed.

3. Going forward, the Clerk of this Court shall accept all future filings as unsealed unless filed under seal pursuant to the terms of the Parties' proposed Consent Protective Order (the "Protective Order").

4. If a Party wishes to publish a previously-sealed filing into the public record, that party (the "Requesting Party") must confer with the other Parties and determine whether any

Party objects to the unsealing. If there is no objection to publishing the sealed filing, the Requesting Party may file a Notice of Unsealed Filing, asking the clerk of this Court to publish the filing in question, identified by ECF docket entry number. If a Party raises objections, based on confidentiality concerns, to the publishing of the sealed filing in question, that Party, in good faith, shall propose redactions to the filing that address the objections and render the filing suitable for publishing. Once the requested redactions are made and approved by all Parties, the Requesting Party may file a Notice of Redacted Filing, asking the clerk of this Court to replace the existing sealed filing with the redacted version of that filing. If the confidentiality concerns raised by a Party cannot be addressed through redaction, as determined in good faith by the Party raising such concerns, or the Parties cannot agree on the necessary redactions, the filing in question shall remain sealed until the Court, upon motion or *sua sponte*, directs otherwise.

5.   If a Party subsequently seeks to file a document (including any exhibit or attachment thereto) designated as containing Confidential Information pursuant to paragraph 6 of the Protective Order, the Party shall file such document under seal in accordance with the procedure set forth at Paragraph 14 of the Protective Order; however:

a.   If a Party seeking to file a document designated as containing Confidential Information confers with the other Parties to this litigation prior to the filing of such document, the Parties agree on redactions that address all confidentiality concerns of all Parties, and such redactions are incorporated into the document prior to filing, the document may be filed unsealed.

b.   Any Party filing a document under seal must, within ten (10) days of such filing, confer with all other Parties to determine whether the document can be redacted in a way that addresses all confidentiality concerns of the Parties, as required by Paragraph 14 of

the Protective Order. If the Parties agree that such concerns can be addressed with appropriate redactions, such redactions shall be made, and the Party filing the document under seal shall file a Notice of Redacted Filing with the Court, instructing the clerk of this Court to replace the sealed filing with the redacted filing.

c.  If the confidentiality concerns raised by a Party cannot be addressed through redaction, as determined in good faith by the Party raising such concerns, or the Parties cannot agree on the necessary redactions, the filing in question shall remain sealed until the Court, upon motion or *sua sponte*, directs otherwise.

d.  Any Party designating information as Confidential Information may unilaterally elect to file that information unsealed, as provided in Paragraph 21 of the Protective Order, so long as the information in question was not also designated as CONFIDENTIAL by any other Party.

**SO ORDERED**, this 7th day of January, 2020.

 s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE