## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SOUND INPATIENT PHYSICIANS, INC. and M.D. ROBERT A. BESSLER, <br><br> Plaintiffs, <br><br> v. <br><br> M.D. T.M. CARR, <br><br> Defendant. | No. 2:19-cv-02034-TLP-dkv |

## CONSENT PROTECTIVE ORDER

WHEREAS, it is hereby STIPULATED and AGREED between Plaintiffs Sound Inpatient Physicians, Inc. and Robert A. Bessler, M.D. and Defendant T. M. Carr, M.D. (each a "Party," and collectively, the "Parties"), and it is now hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced by the Parties in the above-captioned matter ("this Litigation"):

1. **Scope.** All pleadings and other documents filed with this Court via the Electronic Case Filing ("ECF") case management and filing system, all documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery shall be subject to this Consent Protective Order (the "Protective Order").

2. **Purpose.** All documents, data, and information obtained through discovery in this Litigation shall be used only for the purposes of prosecuting or defending this Litigation.

3.  **"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a Party deems in good faith to contain proprietary, technical, financial, sensitive personal, or confidential research, development, or commercial information that is not publicly available, or that is subject to an express obligation of confidentiality owed by the Designating Party (as defined in paragraph 6 herein) to a third party.

4.  **Access to Confidential Information.** Access to documents and information designated as CONFIDENTIAL shall be restricted to the following persons:

   (a) Parties to this Litigation and the officers, insurers, and employees of the Parties who are directly participating in the prosecution or defense of this Litigation;

   (b) law firms of record of the Parties to this Litigation and such firms' attorneys and staff;

   (c) any person specially employed or engaged in this Litigation by a Party or its attorneys as an expert, consultant, or vendor;

   (d) the Court and its personnel;

   (e) court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

   (f) private arbitrators and mediators;

   (g) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information;

(h) Witnesses, to the extent necessary for the preparation of their testimony or during their depositions, or any hearing, or any trial, provided that such witnesses will neither retain nor be given copies of such CONFIDENTIAL documents except while so preparing or testifying;

(i) any person who was privy to such information during the course of the negotiation of the Purchase Agreement; and

(j) any other person as agreed upon by the Parties to this action in writing or authorized by the Court.

5. **Exhibit A to Protective Order**. Persons identified in paragraphs 4(c), 4(h), and 4(j) above shall be provided documents designated CONFIDENTIAL under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached as "**Exhibit A**."

6. **Form and Timing of Designation.** The Party wishing to designate the whole or part of any documents as Confidential Information (the "Designating Party") shall do so by stamping or imprinting the words CONFIDENTIAL upon every page of the produced copies of the document at the time of production. The party receiving the CONFIDENTIAL material shall be referred to as the "Receiving Party." Such designations shall be utilized in good faith and only in accordance with the definition of Confidential Information herein.

7. **Documents Produced by Non-Parties.** In the case of documents produced by non-parties pursuant to a subpoena, a Party wishing to designate such material as CONFIDENTIAL shall so notify counsel for all other Parties, in writing. If the Party wishing to designate such material as CONFIDENTIAL is the Party who served the subpoena, then counsel for that Party shall make such designation promptly upon receipt of the subpoenaed material and

shall thereafter promptly provide counsel for all other Parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL). Counsel for any other Party wishing to designate such material as CONFIDENTIAL shall be allowed to examine the subpoenaed material promptly upon receipt and shall be allowed to designate any such material as CONFIDENTIAL prior to the release of the subpoenaed material to any person or Party.

8. **Production by Non-Parties.** A non-party who produces documents, testimony, or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information as CONFIDENTIAL in the same manner and will receive the same level of protection under this Protective Order as any Party to this lawsuit. A non-party's use of this Protective Order to designate materials or information as CONFIDENTIAL does not entitle the non-party to access Confidential Information produced by any Party in this case.

9. **Demands for Production by Non-Parties.** No CONFIDENTIAL materials or portions of such materials shall be disclosed to any governmental agency or otherwise made public except in compliance with the terms of this Protective Order. In the event the Receiving Party receives a demand, subpoena, or other request from any non-party, including any government agency or judicial body, to produce any CONFIDENTIAL materials the Receiving Party shall immediately notify the Designating Party of the demand, subpoena, or other request and shall not produce the requested materials without first giving the Designating Party an opportunity to oppose the requested production.

10. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL. In the event that a Party intends but

inadvertently fails to designate discovery material as CONFIDENTIAL, it may make such a designation subsequently by notifying all Parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Receiving Party to whom production has been made shall treat the designated discovery material as CONFIDENTIAL subject to its right to dispute such designation in accordance with Paragraph 15 below. The Receiving Party will not be held in violation of this Protective Order for any otherwise permissible disclosures made before receipt of such notice.

11. **Effect on Attorney-Client Privilege and Work Product Immunity.** Inadvertent production of documents subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Party inadvertently producing such documents promptly notifies the recipient in writing of the inadvertent production. Upon notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Nothing in this provision shall prevent a Party from challenging the applicability of the claimed privilege after such material has been returned, and doing so will not preclude the Receiving Party from seeking to compel production of those materials, nor will it constitute an admission that the materials were, in fact, privileged. The Designating Party must preserve any documents subject to a claim of privilege or other protection until all related disputes are resolved.

12. **Depositions.** In the case of deposition testimony, CONFIDENTIAL designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by the Parties and shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as CONFIDENTIAL until final designations are made within thirty (30) days after receipt of the final transcript.

13. **Protection of Confidential Information.** Documents designated CONFIDENTIAL under this Protective Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified above in Paragraph 4 for any purposes other than preparing for and conducting this Litigation in which the documents were disclosed (including any appeal).

14. **Filing of Confidential Information.** Any Party that seeks to file a document or part of a document containing materials designated as Confidential Information pursuant to Paragraph 6 above shall file such document under seal pursuant to the ECF Policies and Procedures of this Court. Within ten (10) business days of the filing of a document under seal, the Parties shall confer to determine whether the filing can be redacted in a manner that addresses any confidentiality concerns, as set forth in the Parties' Joint Motion Regarding Sealing of Docket ("Motion Regarding Sealing"). If the Parties determine that the sealed filing can be redacted, the filing Party shall prepare a redacted version of the sealed filing and file a Notice of Redacted Filing, asking the clerk of this Court to replace the sealed filing with the redacted filing. The Parties shall work in good faith to resolve confidentiality concerns through redaction, but in the event the Parties cannot agree on redactions, the filing shall remain under seal.

15. **Use of Confidential Information at Hearings or Trial.** Confidential Information may be offered into evidence at trial or any hearing or oral argument; provided, the party seeking to introduce such information gives at least five (5) days advance notice to the Court and counsel for the Designating Party. Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure, including without limitation removal from the courtroom of persons not authorized by this Protective Order to receive the information. **Challenges to Designation as Confidential Information.** In the event a Party objects to a CONFIDENTIAL designation, the Party shall advise the Designating Party, in writing, preferably by electronic mail, of such objection and the reasons therefore. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within ten (10) business days. If the dispute cannot be resolved among counsel, the Party objecting to the designation of a document as CONFIDENTIAL may submit a motion objecting to such designation with the Court. The burden to sustain the CONFIDENTIAL designation is upon the Designating Party.

16. Information does not qualify for protection under this Protective Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production or becomes available to the general public after its production through no fault of either Party; (b) was independently obtained by the Receiving Party from a non-party having the right to make such disclosure and by means not involving a violation of this Protective Order, breach of any duty or agreement or other wrongful act; or (c) was rightfully and lawfully in the possession of the Receiving Party by means not involving a violation of this Protective Order, breach of any duty or agreement or other wrongful act.

17. **Scope of Discovery.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation.

18. **Effect of Protective Order on Purchase Agreement Obligations.** The Parties acknowledge and expressly agree that none of the terms of this Protective Order or the Parties' Motion Regarding Sealing alters their respective rights and obligations set forth in the Parties' March 16, 2016 LLC Interest and Stock Purchase Agreement (the "Purchase Agreement"). In particular, nothing in this Protective Order relieves either party of its obligations under Section 4.3 of the Purchase Agreement, Protection of Confidential Information, or the Parties' April 27, 2015 Non-Disclosure and Confidentiality Agreement. Except in the narrow circumstances described herein (and in the Motion Regarding Sealing), the Parties' rights and obligations reflected in the Purchase Agreement, and in the schedules, exhibits, and attachments thereto, remain in effect for all purposes beyond the prosecution or defense of this Litigation and shall, without limitation, survive the termination of this Litigation.

19. **Treatment on Conclusion of Litigation.** The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Parties shall take such measures as are necessary to prevent the public disclosure of Confidential Information designated as such, through inadvertence or otherwise, after the conclusion of this Litigation.

20. **Return of Designated Confidential Information.** Within sixty (60) days after the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, all materials designated as Confidential Information, all copies thereof, all extracts, tabulations and compilations thereof, in any form whatsoever, shall be returned to counsel for the

Party that produced it or destroyed. The Receiving Party shall submit a written verification by the sixty (60) day deadline confirming that all CONFIDENTIAL materials have been destroyed (or handled as otherwise agreed), and that affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product, and correspondence, even if such materials contain or reflect CONFIDENTIAL materials. This provision shall not require the Court's return of any documents filed with the Court.

21. **Treatment of a Party's Own Confidential Materials.** Any Party may disclose or use, in any manner and for any purpose, the Party's own CONFIDENTIAL materials. Any partial disclosure as to certain CONFIDENTIAL materials or portions does not constitute a waiver as to the remainder of the CONFIDENTIAL materials, or portions.

22. **Protective Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the modification.

23. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL is subject to protection until such time as a document-specific ruling shall have been made.

24. **Persons Bound.** This Protective Order shall take effect when signed and filed by counsel for the Parties and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**, this 7th day of January, 2020.

                                          s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE

WE CONSENT:

| | |
|---|---|
| /s/ *Pam Warnock Blair* | /s/ *Emily C. Pera* |
| Pam Warnock Blair | Mark A. Nebrig |
| TN State Bar No. 10407 | *Admitted Pro Hac Vice* |
| **McNabb, Bragorgos, Burgess & Sorin, PLLC** | Emily C. Pera |
| 81 Monroe, 6th Floor | TN State Bar No. 023830 |
| Memphis, Tennessee 38103 | **MOORE & VAN ALLEN PLLC** |
| (901) 624-0650 | 100 North Tryon Street, Suite 4700 |
| lmcnabb@mbbslaw.com | Charlotte, North Carolina 28202-4003 |
| pblair@mbbslaw.com | Telephone: (704) 331-1000 |
| cvest@mbbslaw.com | Facsimile: (704) 331-1159 |
| | marknebrig@mvalaw.com |
| John P. Passarelli | emilypera@mvalaw.com |
| *Admitted Pro Hac Vice* | |
| Carol A. Svolos | ***Counsel for Plaintiff T.M. Carr, M.D.*** |
| *Admitted Pro Hac Vice* | |
| Kutak Rock | |
| The Omaha Building | |
| 1650 Farman Street | |
| Omaha, Nebraska 68102 | |
| (402) 346-6000 | |
| john.passarelli@kutakrock.com | |
| carol.svolos@kutakrock.com | |

***Counsel for Plaintiffs Sound Physicians, Inc.***
***And Robert A. Bessler, M.D.***

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SOUND INPATIENT PHYSICIANS, INC. and M.D. ROBERT A. BESSLER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:19-cv-02034-TLP-dkv |
| v. | ) ) | |
| M.D. T.M. CARR, | ) ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, _____, hereby affirm that:

1. Information, including documents and things designated as CONFIDENTIAL as defined in the Consent Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. As a prior condition to me being permitted to receive, see, or review any Confidential Information designated as CONFIDENTIAL, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

3. I understand that the Protective Order is a Court Order that is legally binding upon me. I hereby agree to submit to the jurisdiction of this Court for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement and agree that such jurisdiction shall survive the termination of this action.

4. I agree not to use any Confidential Information designated as CONFIDENTIAL disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation, and I agree not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated such information CONFIDENTIAL or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

5. I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be either destroyed or returned to counsel who provided me with such documents and materials.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE